IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **SIDDI AYESEBOLATAN-MARCUS,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No. SAG-24-0857 |
| **CAPITAL ONE AUTO FINANCE,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### <u>MEMORANDUM OPINION</u>

Siddi Ayesebolatan-Marcus ("Plaintiff"), who is self-represented, filed a Complaint against Capital One Auto Finance ("Capital One") in state court. ECF 2. Capital One removed the case to this court, citing diversity jurisdiction. ECF 1. Capital One has filed a motion to dismiss the Complaint for failure to state a claim. ECF 7. In response, Plaintiff filed a document entitled "VIOLATION OF THE CONSUMER RIGHTS: ADDENDUM," ECF 10, and another document entitled "VIOLATION OF THE CONSUMER RIGHTS" with several exhibits, ECF 11. Because those filings appeared similar in some ways to Plaintiff's Complaint, the Court asked Plaintiff to clarify whether she intended ECF 10 and 11 to amend her Complaint or to oppose Capital One's motion. ECF 13. Plaintiff then filed ECF 15, "Opposition to Capital One N.A.'s Motion to Dismiss." This Court has reviewed all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Capital One's motion must be GRANTED, and Plaintiff's claims will be dismissed without prejudice.

**I.  FACTUAL BACKGROUND**

The facts described herein are taken from Plaintiff's Complaint, ECF 2, and are taken as true for purposes of this motion. In early November, 2023, Plaintiff went to Mercedes-Benz Auto

1

to purchase a 2023 Mercedes-Benz and intended to trade in a 2017 Toyota Camry. ECF 2 at 1. Mercedes-Benz valued the Camry at $11,000 and requested a payoff amount from Capital One Auto Finance. *Id.* at 1–2. Before Mercedes-Benz could pay off the amount, Capital One sent Greenwood Recovery "to the property without prior certified discretionary notice" and repossessed the vehicle.[1] *Id.* at 2.

As a result of the repossession, Plaintiff has been unable to purchase the Mercedes-Benz, has spent thousands of dollars on public transportation, and became ill "as a result of waiting for public transit." *Id.* at 3–4.

## II.     LEGAL STANDARDS

Under Rule 12(b)(6), a defendant may test the legal sufficiency of a complaint by way of a motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The purpose of the rule is to provide the defendant with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

---

[1] This Court remains unclear about where the repossession happened and what "prior certified discretionary notice" would be required. Plaintiff provided some additional facts in her subsequent filings, but a complaint cannot be amended through other briefing. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013). Instead, in considering Defendant's Rule 12(b)(6) motion, this Court must limit its analysis to the four corners of Plaintiff's Complaint.

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). However, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Further, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.*

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). However, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal

conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Because Plaintiff is self-represented, her pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). "However, liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC-10-3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because she is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also M.D. v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

### III.  ANALYSIS

#### A.  Motion to Dismiss

This Court is unable to ascertain, from Plaintiff's Complaint, the nature of her legal claim or claims for relief. The Complaint is captioned "Violation of the Consumer Rights," ECF 2 at 1, but it makes no reference to any consumer protection statute or other legal basis for a claim for

damages. The only other heading in the Complaint, "Lack of care and Loss of Dignity," *id.* at 3, is not a recognized claim under Maryland law. As Capital One describes in its motion, ECF 7-1 at 5–7, the facts set forth in Plaintiff's Complaint are insufficient to plead claims for intentional infliction of emotional distress, breach of contract, or conversion. As a result, the Complaint as pleaded does not set forth the grounds establishing any legal entitlement to relief.

However, it is not clear to this Court that there would be no set of circumstances under which Plaintiff could identify viable causes of action and allege sufficient facts to support a claim. Accordingly, this Court will dismiss her Complaint without prejudice and will afford her a window of time in which she may seek leave to amend her claims.

### IV. CONCLUSION

For the reasons set forth above, Capital One's Motion to Dismiss, ECF 7, must be GRANTED. Plaintiff's claims will be dismissed without prejudice. Should Plaintiff wish to seek leave to amend her Complaint, she must, within thirty days of this Opinion, file a motion seeking leave to amend, attaching a proposed amended complaint that clearly sets forth the legal causes of action she wishes to assert, along with sufficient supporting facts to give Capital One fair notice of the nature of her claims. A separate Order follows.

Dated:  June 14, 2024                                           /s/
                                                      Stephanie A. Gallagher
                                                      United States District Judge