IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SIDDI AYESEBOLATAN-MARCUS,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-24-0857 |
| **CAPITAL ONE AUTO FINANCE,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION

Siddi Ayesebolatan-Marcus ("Plaintiff"), who is self-represented, filed a Complaint against Capital One Auto Finance ("Capital One") in state court. ECF 2. Capital One removed the case to this court, citing diversity jurisdiction. ECF 1. On June 14, 2024, this Court granted Capital One's motion to dismiss the complaint, noting that Plaintiff's Complaint did not clearly state the nature of any legal claim for relief. ECF 16. This Court afforded Plaintiff an opportunity to seek leave to amend her claims. *Id.*

As a self-represented litigant, Plaintiff appears to have misunderstood this Court's instructions and has now filed three separate documents captioned "Amended Complaint" without filing any formal motion seeking leave to file an amended complaint. ECF 19, 20, 23. Two of those three motions were docketed by the Clerk's Office as "motions" despite their captions. ECF 19, 20. In addition, Capital One has now filed two motions to strike those amended complaints. ECF 21, 24.

This Court has reviewed the filings in this case. None of the "Amended Complaints" Plaintiff has submitted fixes the issue identified by this Court in its June 14, 2024 opinion (ECF 16). While Plaintiff has explained the various things that happened to her following the repossession of her vehicle, she has not identified a legal theory that would allow her to recover damages from Capital One for the injuries she alleges she has suffered. To proceed with a civil

1

court case, a plaintiff must "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). This Court remains unable to deduce, from Plaintiff's three filings, any viable legal theory that would allow her to recover of damages from Capital One. Plaintiff refers to "deceptive business practice" and "violation of consumer rights" but has not identified any federal or state statutes under which she intends to seek recovery. *See* ECF 19 at 3.

In light of Plaintiff's self-represented status, this Court will afford Plaintiff one final opportunity to file a motion for leave to amend her complaint within thirty days of this memorandum opinion and order. To be clear, the document Plaintiff files, if any, must be captioned "Motion for Leave to Amend" and it must attach, as an exhibit, a proposed document captioned "Amended Complaint." The proposed Amended Complaint must identify, not only the facts of what happened, but enough information about the legal theory Plaintiff intends to pursue to allow fair notice of the nature of Plaintiff's claim or claims. If Plaintiff intends to invoke any federal or Maryland consumer protection statutes, she should specifically list those statutes in her proposed amended complaint.

For the reasons described herein, the two "Amended Complaints" that were filed as motions for leave to file amended complaints, ECF 19 and 20, will be denied. Capital One's two motions to strike, ECF 21, and 24, will be granted. This case will be closed, subject to reopening if Plaintiff files, within thirty days, a document captioned "Motion for Leave to Amend" and attaches a draft proposed "Amended Complaint" identifying a viable legal claim against Capital One.

A separate Order follows.

Dated:  October 24, 2024                              /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge